**Redevelopment Authority Condemnation**

*George C. Corson, Jr.,* of *Wright, Manning & Sagendorph,* for condemnee.

*Paul D. North,* of *Duffy, North, Duffy & Wilson,* for condemnor.

HONEYMAN, *J.,* August 12, 1974—This proceeding represents an appeal by the condemnee, Diamond Supermarkets, to this court from the report and award of the board of viewers. The undersigned judge presided at a pretrial conference, at which time it was agreed to submit the matter for adjudication as a case stated because there was no factual dispute necessitating a trial. The following is a summary of the undisputed facts.

The Redevelopment Authority of Montgomery County filed a declaration of taking of the condemnee's property on July 18, 1969. The premises involved are located at 8036-8042 Old York Road in Cheltenham Township, Montgomery County, Pa., as described more particularly in deed book 2972, page 125. At the time of condemnation, there was one tenant on the subject premises whose lease expired without right of renewal on September 1, 1970, and whose lease provided that the tenant would be entitled to no proceeds in the event of condemnation. This tenant operated a grocery business. On October 3, 1969, a board of viewers was appointed. The report of the board of viewers was filed April 6, 1970, and stated that this act of condemnation consisted of a total taking of the condemnee's property consisting of 30,942 square feet, or .71 acres. The board of viewers awarded the condemnee $146,500, but awarded no delay compensation and assigned as its reason the fact that

both condemnee and its tenant remained in possession and continued to do business therein.

In addition, the board of viewers awarded for "Machinery, Equipment or Fixtures" pursuant to section 607 of the Eminent Domain Code, Act of June 22, 1964, Sp. Sess. P.L. 84, 26 PS §1-607, the sum of $7,500.

In the condemnee's appeal from the report of the board of viewers and award, there were numerous objections but counsel and the parties have reached an agreement on all items of damage except that of delay compensation. The condemnee has withdrawn any further objection to the basic award by the viewers on which $135,000 has long since been paid on account. Agreement has been reached in adjusting the award for machinery, equipment and fixtures and that part of the award is now set at $14,535. The condemnee claims delay compensation at six percent per annum on both the unpaid balance of the basic award, plus the figure for machinery, equipment and fixtures, whereas the condemnor contends that no delay compensation is due for the latter item. The condemnee asserts that its claim is justified since that which was condemned in this case was a going grocery business. On the other hand, the condemnor bases its position on the principle that delay compensation is never computed on any items that can be moved and thus, are not part of the realty. It is undisputed that condemnee effectively relinquished possession on March 1, 1972, so that there is either due $130.18 or $57.78 per month from then until the date of final settlement for delay compensation.

## DISCUSSION OF LAW

The condemnee is entitled to delay compensation

based on the real estate itself and on the machinery, equipment and fixtures forming part of the real estate. Section 611 of the Eminent Domain Code, Act of June 22, 1964, P.L. 84, PS §1-611, reads, in part:

"The condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after the condemnation, nor during such period shall a condemnor be entitled to rent or other charges for use and occupancy of the *condemned property* by the condemnee." (Emphasis supplied.)

At the risk of oversimplification, it is this court's opinion that under this section if the machinery, equipment and fixtures form part of the realty taken, then they are "condemned property" within the meaning of this section, and the condemnee is entitled to compensation for delay in payment during the applicable period. On the other hand, if they are personal property, section 611 does not apply.

There are no standards in the Eminent Domain Code which elucidate when machinery, equipment and fixtures are real estate and when they are personal property, but the sections of the code dealing with "just compensation" and "fair market value" provide some insight into the problem. Section 601 and section 602 set forth and define "just compensation." Section 603 defines "fair market value" to include the machinery, equipment and fixtures forming part of the real estate taken. The Comment of the Joint State Government Commission 1964 Report states that section 603 is in accord with existing law, since that section assumes that the machinery, equipment and fixtures are part of the real property taken. It appears then, that under the code, machinery, equipment and fixtures are to be

considered real estate unless something appears to the contrary. The agreed sum in compensation for machinery, equipment and fixtures establishes that this is included in the real property that is the subject of this condemnation and nothing in the record reflects that these items were treated as personalty. Condemnor cites Redevelopment Authority of the City of Chester v. Swager et ux., 12 Pa. Commonwealth Ct. 437 (1974), but that case is inapposite because that was concerned with an issue of delay compensation on business dislocation damages or special damages which are not present herein.

## ORDER

And now, August 12, 1974, judgment in favor of the condemnee, Diamond Supermarkets Company, and against the condemnor, Redevelopment Authority of Montgomery County, is directed to be entered for $161,035, less $135,000 already paid on account or a net principal sum of $26,035, plus delay compensation of $130.18 per month from March 1, 1972, to date of satisfaction.